124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jimmie MORRIS-BEY, Plaintiff-Appellant,
v.
Christian DEBRUYN, et al., Defendants-Appellees.-
 No. 96-3027.
 United States Court of Appeals, Seventh Circuit.
 Aug. 21, 1997.*
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 95 C 227; Robin D. Pierce, Magistrate Judge.
 Before CUMMINGS, BAUER and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Jimmie Morris-Bey is a prisoner in the Indiana Department of Correction ("IDOC"). He is a follower of the Moorish Science Temple of America ("MSTA"), a sect of Islam which diverges from other Muslim groups in that the MSTA has its own prophet, its own prayer book and prayers, and its own holidays. Followers of the MSTA incarcerated in the IDOC are permitted to participate in the general Muslim worship services on Fridays with the rest of the prison's Muslim population. They may meet with MSTA spiritual advisors, receive MSTA literature and holy books, receive a special diet consistent with their faith, and pray and study their religious materials individually. The IDOC does not permit separate group meetings of the MSTA, however.
 
 
 2
 Morris-Bey brought this suit under 42 U.S.C. § 1983, alleging that the defendants--various officials of the IDOC--violated his rights under the Free Exercise Clause of the First Amendment, the Religious Freedom Restoration Act ("RFRA"), and the Equal Protection Clause of the Fourteenth Amendment by refusing to allow separate MSTA meetings. With the parties' consent, the case was referred to a magistrate judge, who granted summary judgment in favor of the defendants. This appeal followed.
 
 
 3
 While this case was pending on appeal, the Supreme Court of the United States held the RFRA, 42 U.S.C. §§ 2000bb to -4, to be unconstitutional. City of Boerne v. Flores, 117 S.Ct. 2157, 2160 (1997). Accordingly, we need consider Morris-Bey's appeal only insofar as he raises claims under the First and Fourteenth Amendments.
 
 
 4
 Under pre-RFRA First Amendment law, prison regulations that impinge upon a prisoner's exercise of his religion are constitutional so long as they are reasonably related to a legitimate penological interest. O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987); Canedy v. Boardman, 91 F.3d 30, 33 (7th Cir.1996); Hunafa v. Murphy, 907 F.2d 46, 47 (7th Cir.1990). The uncontroverted evidence before the magistrate judge showed that the MSTA is affiliated with a number of major gangs, including the Vice Lords, the El Rukns, the Black Dragons and the Black Gangster Disciples, and that these gangs use the MSTA as a means of organizing and establishing a hierarchy within prisons. The evidence also showed that the MSTA is frequently a front for gang activity, including murder, treason and drug crimes. Because of these gang connections, numerous prisons housing MSTA followers have experienced violence and riots instigated by MSTA followers.
 
 
 5
 As a result of these threats to prison security, the IDOC banned separate group meetings of the MSTA as one way to minimize the threat of coordinated gang activity. Protecting institutional security and the safety of guards and inmates is unquestionably a legitimate penological interest, and the ban on separate MSTA meetings is a reasonable way of furthering that goal. Moreover, we note that Morris-Bey alleges that the only limitation on his worship is the ban on separate MSTA meetings; the defendants permit him other means of religious observance, and under O'Lone, that fact further supports the conclusion that the sole restriction the defendants have imposed is reasonable. O'Lone, 482 U.S. at 352. Thus, we agree with the magistrate judge that the defendants did not violate Morris-Bey's rights under the First Amendment by prohibiting separate group meetings of the MSTA.[1]
 
 
 6
 Finally, Morris-Bey brought a claim under the Equal Protection Clause of the Fourteenth Amendment. He failed to raise or develop any argument with respect to this claim in his appellate brief, however, and accordingly, he has failed to preserve the argument for appellate review. Fed. R.App. P. 28(a)(6). See Gagan v. American Cablevision, Inc., 77 F.3d 951, 965 (7th Cir.1996) (failure to cite any factual or legal basis for an argument waives it); Bratton v. Roadway Package Sys., Inc., 77 F.3d 168, 173 n. 1 (7th Cir.1996) (argument that is not developed in any meaningful way is waived).
 
 
 7
 Thus, we conclude that the magistrate judge correctly granted summary judgment in favor of the defendants.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 At various points in the record, we note that Morris-Bey suggests that by permitting joint religious services with other Muslim sects, the defendants are compelling him "to engage in conduct that his religion forbids." However, nothing in the record suggests that the defendants require Morris-Bey to engage in religious services with other sects. At most, the defendants permit such joint religious services. If these joint services are inconsistent with Morris-Bey's beliefs, he remains free not to attend them